IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3055-D

ROGER LEE DEAL, SR., )
)
　　　　　Plaintiff, )
)
v. ) **ORDER**
)
DR. KENNETH PRICE, JR., et al., )
)
　　　　　Defendants. )

Roger Lee Deal, Sr. ("Deal" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Deal seeks leave to proceed in forma pauperis [D.E. 2]. On July 12 and September 6, 2011, Deal filed additional materials [D.E. 7–8]. On June 17 and September 6, 2011, Deal filed motions for temporary restraining orders [D.E. 6, 9].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading

contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

I.

Deal is incarcerated at Lanesboro Correctional Institution. Compl. 2. The allegations of Deal's complaint arise from his incarceration at Maury Correctional Institution ("Maury"). Id. Deal alleges that in 2004, defendant Price, an "[outside] specialist (neurosurge[o]n) . . . did a back-fusion to plaintiff's lower back[.]" Id. 2–3. Deal claims that his condition deteriorated after Price performed this procedure and he now has "sever[e] back pain, pain in both legs that are swollen with a foot drop in his right foot and also radioactivity from all the test[s] and [is] almost bed ridden." Id. 3. Deal has additionally developed "severe musc[le] spasms . . . and is close to being paralyze[d] with uncontrol[l]able shaking with severe nerve damages." Id.

When Deal sought treatment from Price in 2010, Price performed "a M.R.I. and a myelogram and told [Deal] that [these procedures were] all he could do and wrote a[n] order for [Deal] to . . . see a neurologist." Id. 3–4. Defendant Owens, a "camp doctor" at Maury, "was advised of [Price's] recommendation and submitted a request for [Deal] to go back to a neurologist[,]" but defendant Head Director of the Utilization Review Board denied Owens's request. Id. 2, 4. Therefore, Deal "has repeat[ed]ly put in sick-call after sick-call" requesting appointments with both a neurologist and an oncologist because he believes he has symptoms which are consistent with colon cancer, and would like "to have upper and lower G.I. test done for colon cancer[.]" Id. 4. Deal has attached copies of grievance forms to his complaint. See id., Exs. These forms show that Deal underwent

2

various tests and treatments for his back and other pain, including: a CT scan, performed on April 21, 2010, and reviewed by Owen on April 27, 2010; an examination by a neurologist on May 18, 2010; an August 4, 2010 myelogram and post myelogram CT scan; "a combination of [medicines] for pain management[;]" "medication to relieve urinary symptoms[;]" and regular medical appointments or chart reviews. Compl., Exs. 1, 3; [D.E. 7-1] 2 (8/26/10 grievance response). Additionally, the grievance forms indicate that Deal has been evaluated for his stomach and kidney complaints, which are the symptoms Deal attributes to undiagnosed colon cancer. Id., Exs. 6. Finally, the grievance forms indicate that the Utilization Review Board approved the neurologist's May 18, 2010 order for the myelogram and post myelogram CT scan, but refused to approve a subsequent neurological examination when Deal's "[l]abs [were] within normal limits, and X-rays show[ed] no acute rib [f]ractures." Id., Exs. 1, 3.

Deal also alleges that a "hip-replacement [that he] had in December of 2008 has had a recall on it and has a defect that is causing . . . pain . . . and . . . swelling . . . and needs to be removed." Compl. 4. Deal states that he alerted Owen and another doctor of this issue. Id. Deal seeks "nominal, compensatory, and punitive damages" in an unspecified amount. Id.

II.

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to prove such a claim, Deal "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318,

3

318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

As for defendant Price, Deal has not alleged that Price was deliberately indifferent to Deal's medical needs. Price treated Deal, until he could not provide further treatment, and referred Deal to another doctor for additional treatment at that time. To the extent that the surgery Price performed in 2004 "has never been right[,]" [D.E. 6–1], Deal has shown (at most) negligence on Price's part. Accordingly, the court dismisses Deal's claim against Price as frivolous.

As for defendant Head Director of Utilization Review Board, Deal has not stated a claim for deliberate indifference to a serious medical need. Deal's materials establish that the Utilization Review Board approved several examinations of Deal, and only denied a neurological examination when testing did not show need for such an examination. An administrator charged with reviewing and approving requested medical treatment may violate the Eighth Amendment by refusing, without explanation, to approve treatment that a prisoner's treating physician or specialist requests. See Arnett v. Webster, 658 F.3d 742, 753-54 (7th Cir. 2011); Johnson v. Wright, 412 F.3d 398, 404 (2d Cir. 2005). However, Deal's complaint reflects at most a disagreement between medical professionals on the appropriate course of treatment, which does not support a claim for deliberate indifference. See, e.g., United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Bowring v. Godwin, 551 F.2d 44, 47–48 (4th Cir. 1977). Accordingly, the court dismisses Deal's claim against this defendant as frivolous.

As for defendant Owen, Deal's personal desire to receive treatment from a neurologist and an oncologist does not support a claim for relief. Moreover, Deal acknowledges that Owen requested approval for Deal to see a neurologist for treatment. Deal offers nothing more than his own speculation concerning his need to see specialists. Moreover, Deal has attached materials to

4

his complaint which indicate that he received regular medical attention for his pain and stomach and kidney symptoms. Although Deal disagrees with the course of treatment provided him for these issues, a prisoner's disagreement that is not the standard under the Constitution, and the court dismisses as frivolous Deal's claim against Owen concerning pain and stomach and kidney issues.

While Deal's allegations concerning his hip replacement are not clearly frivolous, unlike his claims concerning his back pain and stomach and kidney complaints, Deal has submitted a grievance form which indicates that Deal may not have exhausted administrative remedies for this issue until after filing his complaint. See [D.E. 9] Exs. 4 (grievance form dated March 31, 2011). The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief available through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 675 (4th Cir. 2005). Rather, a defendant must plead and prove the failure to exhaust. See id.

5

at 681. However,

> [t]hat exhaustion is an affirmative defense . . . does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Id. at 683.

As noted, the grievance forms that Deal attached to his complaint do not mention his hip replacement, and the only grievance form that Deal has submitted concerning this procedure is dated after he filed his complaint. See, e.g., Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (prisoner's grievance forms establishing defendant's failure to treat one medical condition "did nothing to alert the officials that [plaintiff] had any additional condition that was not being treated adequately"). Therefore, it is unclear whether Deal exhausted his administrative remedies as to his claim concerning his hip replacement before filing his complaint, and the court requests a response from Deal on this issue. Deal must file such a response not later than February 17, 2012, preferably with copies of any pertinent grievance forms attached. The court warns Deal that his response must be limited to whether he has exhausted administrative remedies, and is not an invitation to make additional, unrelated allegations.

Next, the court addresses the additional materials submitted by Deal [D.E. 7-8], which include allegations that he fears for the safety of family members and grievance forms that he submitted to prison officials after he filed his complaint. See [D.E. 7] & Exs. 1, 4 (letter dated July 7, 2011 and grievance forms dated April 8 and June 19, 2011); [D.E. 8] & Ex. (copy of letter to United States Attorney dated August 31, 2011 and grievance form dated August 22, 2011). To the extent that Deal seeks to amend his complaint to state claims with any of these materials, the court denies the request and dismisses any such claims without prejudice as unexhausted. See, e.g., Jones,

549 U.S. at 211; Woodford, 548 U.S. at 83–85; Porter, 534 U.S. at 524; Booth, 532 U.S. at 740–41.

Finally, the court addresses Deal's motions for temporary restraining orders [D.E. 6, 9]. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Deal has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Deal has failed to meet his burden of proof. Accordingly, the court denies Deal's motions for a temporary restraining order [D.E. 6, 9].

III.

In sum, the court finds that Deal has failed to state a claim against defendants Price and Head Director of the Utilization Review Board, and his claims against these defendants are DISMISSED as frivolous. Additionally, Deal has failed to state an Eighth Amendment claim concerning back pain or stomach or kidney complaints, or the need to see a neurologist or oncologist for such issues,

7

and this claim is DISMISSED as frivolous. Deal may proceed with his section 1983 claim of deliberate indifference to a serious medical need against defendant Owen concerning his hip replacement, but must file a response to this order with information sufficient to allow the court to determine whether Deal exhausted his administrative remedies as to this claim prior to filing suit, not later than February 17, 2012. The court DENIES plaintiff's motions for a temporary restraining order [D.E. 6, 9]. The Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED. This \_1\_ day of February 2012.

JAMES C. DEVER III
Chief United States District Judge